IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CAPWEALTH ADVISORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE CO.,<br><br>    Defendant. | No.: 3:21-cv-00036<br>Judge Eli J. Richardson<br>Mag. Judge Barbara D. Holmes<br>JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.     BRIEF THEORIES OF THE PARTIES:

**For Plaintiff:** Twin City Fire Insurance Co. ("Twin City") issued an investment advisors insurance policy, Policy No. 08 DC 0331420-19 (the "Policy"), to CapWealth Advisors, LLC ("CapWealth") with an effective date of August 14, 2019. The Policy provided coverage for Claims that arise during the Policy Period. The Policy explicitly and unambiguously defines "Claim" to include any subpoena, Wells Notice, investigation, or civil action the Securities and Exchange Commission ("SEC") may issue to or initiate against any Insured Person or Investment Advisor. The SEC issued such a Wells Notice to each plaintiff/insured, commenced an investigation against each insured, and filed a civil action against insured, alleging in each case that the insureds failed adequately to disclose to investors that they would receive certain 12b-1 fees from the purchase of certain mutual fund class shares. The SEC claimed that such conduct violated the Investment Advisors Act of 1940, 15 U.S.C. § 80b-1 *et seq*.

Plaintiffs provided timely notice of the Claim to Twin City. Twin City denied the Claim on the spurious basis that a Specific Entity Exclusion in the Policy excluded coverage. Specifically,

1

Twin City claimed that because the Policy excluded from coverage any claims by or against a CapWealth affiliate, CapWealth Investment Services, Inc. ("CWIS"), Twin City had no obligation to defend or indemnify the insureds. In no meaningful sense, however, were the SEC's claims against the plaintiffs under the Investment Advisors Act of 1940 claims against CWIS, nor did the conduct the SEC claims to have violated the Investment Advisors Act of 1940 "arise from" or "relate to" CWIS within the meaning of the Specific Entity Exclusion. Twin City breached the Policy when it failed to defend and indemnify the insureds against the Claim. Because it has acted in bad faith, Twin City is also liable for the statutory penalty set out in Tenn. Code Ann. § 56-7-105.

**For Defendant:** Plaintiff CapWealth Advisors, LLC ("CapWealth") is an investment advisory firm based in Franklin, Tennessee. Prior to 2018, CapWealth Advisors was affiliated with CapWealth Investment Services, LLC ("CapWealth Investment Services"), an introducing broker-dealer for CapWealth. CapWealth advised certain clients to purchase mutual funds that charged fees pursuant to Rule 12b-1 under the Investment Company Act of 1940 ("12b-1 fees"). CapWealth Investment Services placed orders for purchases of the mutual funds on behalf of CapWealth's clients, received the 12b-1 fees resulting from the mutual fund purchases, and routed a portion of the fees to CapWealth. CapWealth Investment Services closed in 2018.

Defendant Twin City Fire Insurance Company ("Twin City") issued Hartford Asset Management Choice Policy No. 08 DC 0331420-19 to CapWealth for the policy period of August 14, 2019 to August 14, 2020 (the "Policy"). Subject to its terms, conditions, and exclusions, the Policy provides coverage for certain Investment Adviser Professional Liability and Investment Adviser Management Liability, subject to an aggregate limit of liability of $2,000,000. By endorsement, the Policy excludes coverage for claims "by or against, or based upon, arising from, or in any way related to any of the following entity(ies), including, but not limited to any, subsidiary, trustee, receiver, assignee, director, officer, employee, shareholder, or beneficiary thereof: CapWealth Investment

Services, LLC[.]" *See* Policy, Endorsement 3.

In early 2020, the United States Securities and Exchange Commission ("SEC") began investigating CapWealth regarding its practices related to selection of mutual funds for its clients that charged 12b-1 fees. On or around May 15, 2020, CapWealth notified Twin City of Wells Notices issued to CapWealth and two individuals by the SEC and requested coverage for the SEC investigation. The Wells Notices asserted that the SEC had made a preliminary determination to recommend that the Commission file an enforcement action alleging violation of certain federal securities laws for failing to fully and fairly disclose to advisory clients of CapWealth its mutual fund share class selection practices and the conflicts of interest created by the 12b-1 fees incurred by advisory clients' accounts; and failing to obtain best execution for advisory clients in their mutual fund share class investments.

There is no coverage under the Policy for the Wells Notices and related SEC investigation. The crux of the SEC's investigation and subsequent complaint filed against CapWealth is that CapWealth failed to disclose alleged conflicts of interest to clients arising from the company's affiliations with CapWealth Investment Services, which was paid 12b-1 fees under common ownership and control with CapWealth. As a result, the SEC investigation falls squarely within the Policy's broad exclusion of claims "by or against, or based upon, arising from, or in any way related to any of the following entity(ies), including, but not limited to any, subsidiary, trustee, receiver, assignee, director, officer, employee, shareholder, or beneficiary thereof: CapWealth Investment Services, LLC[.]" For this reason, and based on additional applicable terms and conditions of the Policy, no coverage exists for the Wells Notices or the SEC investigation.

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE: Liability and damages remain in dispute. Specifically, the following issues are disputed:

3

Case 3:21-cv-00036   Document 17   Filed 04/01/21   Page 3 of 9 PageID #: 154

1. Whether the Policy provided coverage for a "Claim" as defined by the Policy, including the SEC subpoena, civil investigation, Wells Notices and civil action.

2. If the Policy provided coverage, what damages are plaintiffs entitled to recover?

3. If the Policy provides coverage for a "Claim," whether Twin City denied coverage in bad faith under Tenn. Code Ann. § 56-7-105, such that plaintiffs are entitled to recover "a sum not exceeding twenty-five percent (25%) on the liability for the loss."

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 13, 2021**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: Counsel will meet in person or via remote means on or before **July 7, 2021**, in a good faith effort to resolve this case by agreement. By **July 14, 2021**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case and advising the Court whether the case was resolved. If the case is not resolved by informal means without the assistance of a mediator, the joint report shall set a date by which the parties will participate in a formal mediation before a Rule 31 mediator or another mediator selected by mutual agreement of the parties.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **October 8, 2021**. Written discovery should proceed promptly (unless otherwise provided for herein) and written discovery requests shall be served by no later than **June 7, 2021**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

***No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith discussions should be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all discovery motions shall be filed by no later

than **November 8, 2021**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.***

  H.  MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **June 7, 2021** and must comply with Local Rules 7.01 and 15.01.

  I.  DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 30, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **November 1, 2021**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **November 30, 2021**.

  J.  ***SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held on **July 30, 2021**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.***

  K.  DISPOSITIVE MOTIONS: As provided above, the parties must attempt to

resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **December 15, 2021**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

    L.    ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

    M.    ***MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no

dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).\*\*\*

N. \*\*\*REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.\*\*\*

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately four (4) days. A trial date no earlier than **June 1, 2022** is respectfully requested.[1]

It is so **ORDERED**.

_____
Barbara D. Holmes
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

APPROVED FOR ENTRY:


s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
BULSO, PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
Tel: (615) 913-5200
Fax: (615) 913-5150
gbulso@bulso.com
*Attorneys for Plaintiff*



s/David H. Topol
David H. Topol
Matthew W. Beato
Ashley L. Criss
(*pro hac applications to be filed*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000

Kaya Grace Porter, (BPR No. 035290)
LEWIS THOMASON
424 Church Street, Suite 2500
Nashville, Tennessee 37219-8615
(615) 259-1366
kporter@lewisthomason.com

*Attorneys for Defendant*