# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CAPWEALTH ADVISORS, LLC, | |
|     Plaintiff, | |
| v. | No.: 3:21-cv-00036 |
| TWIN CITY FIRE INSURANCE CO., | Judge Eli J. Richardson |
|     Defendant. | Mag. Judge Barbara D. Holmes |
| | JURY DEMAND |

## AGREED PROTECTIVE ORDER[1]

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby agreed and stipulated between the parties hereto that certain documents and information requested by the parties in oral and written discovery (including third-party discovery) in this action may <u>contain information that a party contends is</u> confidential, sensitive, trade secret, or other proprietary information that must be protected from unauthorized disclosure. Accordingly, the discovery, use, and treatment of documents, tangible items, information, and other materials by the parties or nonparties in this lawsuit may only be conducted pursuant to the following terms and conditions:

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

## DEFINITIONS

1. As used in this Protective Order:

(a) "Confidential Information," as used herein, means any information, in whatever form, that any Protected Person, as defined below, produces in connection with formal or informal discovery in this lawsuit that <u>the Protected Person contends</u> may contain, reflect, or concern its trade secrets, financial information, and other sensitive, confidential, or proprietary information which, if disclosed to third parties, <u>the Protected Person contends</u> may adversely affect the producing party's commercial, business, or financial position.

(b) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(c) "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(d) "Parties" means collectively the Plaintiff and Defendant in this Action.

(e) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(f) "Protected Person" means any Person (including a Party) that, voluntarily or under compulsory process, produces or provides any documents, information, testimony, or Confidential Information in this Action.

(g) "Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial or appellate proceedings.

# DESIGNATION OF CONFIDENTIAL INFORMATION

2. Any Protected Person shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or tangible thing, or portion of any document or tangible thing that contains Confidential Information. Any Protected Person who produces or discloses any Confidential Information, including without limitation, any information, document, tangible thing, written discovery response, pleading, or testimony, shall mark or otherwise designate the same the foregoing or similar legend: "CONFIDENTIAL." Any item that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the tangible thing is produced or a tag attached hereto. If an entire multi-page document is to be treated as "CONFIDENTIAL," each page of such document should be marked as "CONFIDENTIAL." <u>A Protected Person's designation of information as "Confidential" shall not be binding on the Court, including for any determination of whether to restrict access to such information if offered as part of the record in this Action.</u>

3. A Protected Person who fails to mark or designate materials as "CONFIDENTIAL" at the time of production or disclosure may do so by designating it "CONFIDENTIAL" and providing counsel with a substitute copy bearing the appropriate legend, within the longer of (a) sixty (60) calendar days after the date of the initial production, or (b) if the failure to mark or designate the materials as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the materials before receipt of the

substitute copy of the materials shall not be considered a violation of this Protective Order.

4. Any Protected Person may designate the transcript (or any portion thereof) of any deposition in this Action as Confidential Information by making such designation on the record at the deposition or by doing so within thirty (30) calendar days of receipt of the transcript of the deposition.

5. The Parties shall serve a copy of this Protective Order to each non-party Protected Person (or, if represented by counsel, the non-party Protected Person's counsel) along with service of any subpoena. If a non-party Protected Person believes that this Protective Order does not adequately protect its information, it may, within fourteen (14) days after receipt of a copy of this Protective Order, seek additional relief from the Court. If a non-party Protected Person seeks additional relief from the Court, the information or Document for which additional protection has been sought will not be produced until the Court has ruled on the non-party Protected Person's request for relief.

**SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

6. All Confidential Information shall be used by the receiving Party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth below, unless and until restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court. Nothing contained in this

Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any Party or the Court.

7. Subject to Paragraphs 8 and 10 of this Protective Order, and except as otherwise provided herein, Confidential Information designated as "CONFIDENTIAL" pursuant to this Protective Order, and any information contained therein, and any notes, abstracts, or summaries made therefrom, shall not thereafter be disclosed in any matter to anyone other than:

(a) the Parties to this Action and any current or former partner, director, officer, employee or agent of a Party that is involved in a review of this matter or any aspect thereof as part of his or her typical responsibilities or who is requested by that Party or any of its attorneys to work on this Action, and any reinsurer, accountant, actuary, auditor or regulator of the Parties, and any other Person to whom the Parties (or their counsel) have a contractual, regulatory or statutory obligation to report;

(b) the Parties' counsel, including legal assistants, paralegal, or other law firm employees working under counsel's supervision who are involved in the prosecution or defense of this Action;

(c) persons employed by or assisting the Parties' counsel in preparation for, or at, the trial of this Action, including experts or consultants with which counsel may consult and other trial consulting personnel;

(d) Any witness in this Action, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing in this Action;

(e) document handling and reproduction firms engaged in relation to this Action;

(f) court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(g) deponents, provided that such disclosure only occurs during the deponent's deposition;

(h) any mediator assigned to hear this matter, and his or her staff;

(i) the Court and court personnel, and any jury selected to hear this Action (if applicable); and

(j) other persons or entities, as agreed to in writing by the Parties, or on the record by the Protected Person, or as otherwise ordered by the Court, after opportunity for all parties to be heard.

8. Prior to the disclosure of any Confidential Information subject to this Protective Order to any expert, consultant, or other Person or entity pursuant to Paragraph 7 above, counsel for the Party seeking to make such a disclosure shall inform each such Person, expert, or consultant that the Confidential Information may not be disclosed or used except as provided in this Protective Order.

9. Any Party may challenge a Protected Person's designation of any Document or information as "CONFIDENTIAL" by stating as such in writing to the

designating Party or non-party. Within twenty-one (21) calendar days of receipt of the objection to the confidentiality designation, the Protected Person that designated the Document as "CONFIDENTIAL" may <u>initiate resolution of the dispute in accordance with any dispute resolution procedures in place in this Action.</u> ~~file a motion with the Court to establish the confidential status of the materials~~. The burden of establishing that the Document or information merits confidential protection will rest with the Protected Person seeking such protection. Any such Document or information will be deemed "CONFIDENTIAL" until the Court rules on the motion. If a Protected Person does ~~not file a motion with the Court~~ <u>initiate resolution of the dispute</u> within twenty-one (21) calendar days of receiving a challenge from a Party, the Protected Person shall be deemed to have waived any claim that the Document or information merits confidential protection, and the Document or information will not be treated as "CONFIDENTIAL" hereunder.

10. Each Party, Person, or entity to whom disclosure of any Confidential Information is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from using in any way such materials for his, her, or its own benefit (other than for the prosecution or defense of this Action), or from using such materials for any purpose or in any manner not directly related to the prosecution or defense of this Action.

11. Confidential Information shall not be filed with the Court, except as provided in this Paragraph and that any Party may use its own Confidential

4835-7580-4658.1

7

Case 3:21-cv-00036   Document 30   Filed 07/28/21   Page 7 of 12 PageID #: 207

Information in any manner it sees fit, without prior consent of any Party or the Court. In the event that any Party desires to file Confidential Information with the Court, including, without limitation, any pleadings, motions, briefs, memoranda, affidavits, declarations, transcripts, exhibits, or other papers disclosing, quoting, noting, or summarizing any Confidential Information, the Party shall move for leave to file such Confidential Information under seal pursuant to LR 5.03 (a "Motion to Seal"), and the Confidential Information shall remain under seal until further order of the Court. To the extent the Court denies the Motion to Seal on the basis that the information is not confidential, the Party seeking to file the Confidential Information may do so. Where feasible, only "CONFIDENTIAL" portions of filings with the Court shall be filed under seal. Furthermore, in the event that it becomes necessary for a Party to disclose Confidential Information at a court hearing or proceeding or the trial in this action, the Party seeking to disclose such Confidential Information shall make such disclosure *in camera* unless the Court orders otherwise. This Agreement will not prevent the admission into evidence of any material designated as "CONFIDENTIAL" and having the material considered by the Court or a jury.

12. Neither this Protective Order nor the disclosure of any Confidential Information shall be construed as a waiver by any Protected Person of (a) any objection to the admissibility in evidence of any such materials, (b) any objection to the production of any such materials, or (c) any objection to the production of materials or documents on the ground that they contain such highly sensitive and confidential information that it should not be produced at all, and that any necessary

information concerning the contents of the materials or documents can be discovered in other ways.  In the event that Confidential Information is used or disclosed in any court hearing or trial in this action, such materials and documents shall not lose their "CONFIDENTIAL" status through such use or disclosure, and the Parties, witnesses, and counsel in this action shall take all steps reasonably required to protect the confidentiality of such materials and documents during such use or disclosure.

13. Within forty-five (45) days of the final disposition of this Action, including the exhaustion of any appellate proceedings, the Parties shall either (a) assemble and return to the Protected Person providing such information designated as "CONFIDENTIAL" all such material in their possession; (b) destroy all such material in their possession, delivering to the Protected Person providing such information a written certificate that they have complied with this Protective Order; or (c) retain copies of "CONFIDENTIAL" materials so long as such documents are held in the strictest confidence and remain subject to the provisions of this Protective Order.  The Parties will also ensure to the best of their abilities that all Persons subject to Paragraph 7 receiving materials designated as "CONFIDENTIAL" have complied with this Paragraph.  Notwithstanding the foregoing, counsel for each Party may retain an archival copy of documents produced in discovery, any court filings, deposition exhibits, and/or hearing or trial exhibits that contain Confidential Information.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been

4835-7580-4658.1

designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Protected Person's claim of confidentiality, either as to the specific information, document, or tangible thing disclosed or as to any other material or information concerning the same or related subject matter. A Protected Person may rectify such inadvertent or unintentional disclosure by notifying in writing counsel for all Parties to whom the material was disclosed that the materials should have been designated confidential reasonably soon after the Protected Person learns of its inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, Document or thing as confidential under this Protective Order.

15. The inadvertent production or disclosure by a Protected Person of Documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, or the inadvertent production of Documents or information that the Protected Person believes do not meet the Rule 26 discovery standard, despite the Protected Person's reasonable efforts to prescreen such Documents and information prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Documents or information is made promptly after the Protected Person learns of the inadvertent production.

Upon a request from any Protected Person who has inadvertently produced Documents or information that it believes is privileged, protected, or does not meet the Rule 26 discovery standard, the receiving Party shall immediately return such

Documents and all copies to the Protected Person, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to Protected Person.

Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Documents or information as is reasonably necessary to identify the Documents or information and describe their nature to the Court in any motion to compel production.

16. Pending entry by the Court, this Protective Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by the Parties' counsel. The provisions of this Protective Order may be modified at any time by a written agreed stipulation of the Parties. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

17. <u>Nothing in this Protective Order shall be construed or relied upon as a judicial determination of the propriety of a Protected Person's designation of "Confidential Information" or the restriction of public access to such information if offered as part of the record in this Action.</u>

IT IS SO ORDERED.

_____
BARBARA D. HOLMES
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:


s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
BULSO, PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
Tel: (615) 913-5200
Fax: (615) 913-5150
gbulso@bulso.com
*Attorneys for Plaintiff*

s/David H. Topol
David H. Topol
Matthew W. Beato
Ashley L. Criss
(admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000

Justin Joy
Schyler Cox
LEWIS THOMASON
424 Church Street, Suite 2500
Nashville, Tennessee 37219-8615

*Attorneys for Defendant*

4835-7580-4658.1

12

Case 3:21-cv-00036   Document 30   Filed 07/28/21   Page 12 of 12 PageID #: 212